1  CYRUS ZAL, SBN: 102415
   CYRUS ZAL, A PROFESSIONAL CORPORATION
2  102 Mainsail Court
   Folsom, CA  95630
3  Telephone:  (916) 985-3576
   Fax:        (916) 985-4893
4  Email:      czal47@comcast.net

5  Attorney for Plaintiffs CHANZIE KRISTINA COX and VLADIMIR MARTYNOV

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANZIE KRISTINA COX and VLADIMIR MARTYNOV,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF YUBA, COUNTY OF SUTTER, COUNTY OF SACRAMENTO, CITY OF SACRAMENTO, CITY OF YUBA CITY, CITY OF MARYSVILLE, and DOES 1 to 100,<br><br>　　　　Defendants. | **CASE NO:**<br>**2:09-CV-01894-MCE-JFM**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF DEFENDANT CITY OF SACRAMENTO TO DISMISS COMPLAINT AND MOTION TO STRIKE**<br><br>Date:　　　November 12, 2009<br>Time:　　　2:00 p.m.<br>Courtroom:　7<br>Before:　　Hon. Morrison C. England |

　　Plaintiffs CHANZIE KRISTINA COX and VLADIMIR MARTYNOV submit the following memorandum of points and authorities in opposition to the motion to dismiss complaint and motion to strike filed by defendant City of Sacramento.

1

# INTRODUCTION

In response to the issues raised by defendant City of Sacramento in its motion to dismiss the complaint and its motion to strike, plaintiffs have filed a motion for leave to file a First Amended Complaint. (Declaration of Cyrus Zal, paragraph 3). Plaintiffs' motion for leave to file a First Amended Complaint is scheduled to be heard on December 3, 2009. (*Id.*).

As stated in the Declaration of Cyrus Zal submitted herewith, plaintiffs' [Proposed] First Amended Complaint seeks to amend the Complaint on file herein as follows:

1. Defendants County of Sutter, City of Marysville and City of Yuba City are being dismissed pursuant to a Stipulation that is being circulated among the parties and are removed as defendants in the [Proposed] First Amended Complaint.

2. The First Amended Complaint seeks to name, identify and add as defendants the following defendants originally sued as "DOES":

DOE 1:    Mathew Tallman (Sacramento County Deputy Sheriff)

DOE 2:    Lindy Culp (Sacramento County Deputy Sheriff)

DOE 3:    David Leon (Sacramento County Deputy Sheriff)

DOE 4:    Jerry D. Parker (Yuba County Deputy Sheriff)

DOE 5:    Erin Peterson (City of Sacramento Police Officer)

DOE 6:    Nick Tavelli (City of Sacramento Police Officer)

3. Plaintiffs' claims under the Fifth and Fourteenth Amendments to the United States Constitution are removed from the [Proposed] First Amended Complaint.

4. The allegations and prayer for punitive damages are being amended to exclude all defendants who are public entities.

5. There are other minor changes to the wording in the [Proposed] First Amended Complaint, such as changing "governmental entity" to "public entity".

(Declaration of Cyrus Zal, paragraph 4).

# ARGUMENT

## I. PLAINTIFFS' PROPOSED FIRST AMENDED COMPLAINT REMOVES PLAINTIFFS' CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

One of the issues raised in defendant City of Sacramento's motion to dismiss/strike are addressed in plaintiffs' [Proposed] First Amended Complaint in that all claims arising under the Fifth and Fourteenth Amendments to the United States Constitution have been removed from plaintiffs' [Proposed] First Amended Complaint. Plaintiffs concede that these claims should be stricken from the Complaint.

## II. PLAINTIFFS' [PROPOSED] FIRST AMENDED COMPLAINT EXCLUDES THE PUBLIC ENTITY DEFENDANTS FROM ALL ALLEGATIONS AND PRAYER FOR PUNITIVE DAMAGES

Plaintiffs' [Proposed] First Amended Complaint excludes all the defendants who are public entities from any prayer or claim for punitive damages. Plaintiffs concede that punitive damages are not available against public entities.

## III. PLAINTIFFS' [PROPOSED] FIRST AMENDED COMPLAINT SPECIFICALLY NAMES POLICE OFFICERS EMPLOYED BY DEFENDANT CITY OF SACRAMENTO WHO WERE INVOLVED IN THE INCIDENT THAT IS THE SUBJECT OF THIS ACTION

Plaintiffs' [Proposed] First Amended Complaint specifically names the two police officers employed by defendant City of Sacramento who were involved in the incident that is the subject matter of this action – Police Officers Erin Peterson and

1  Nick Tavelli. (Plaintiffs' [Proposed] First Amended Complaint, paragraph 9, lines 17-
2  18). These two defendants were sued originally as DOE 5 and DOE 6.

3  With respect to defendant City of Sacramento's assertion that sufficient "facts"
4  have not been pled with respect to its involvement in this action, the City's assertion
5  runs counter to the federal system of notice pleading under Federal Rules of Civil
6  Procedure, Rule 8(a). FRCP 8(a)(2) states that a pleading that states a claim for relief
7  must contain "(2) a short and plain statement of the claim showing that the pleader is
8  entitled to relief".

9  The U.S. Supreme Court has stated that the Rule means what it says.
10 (*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, (1993)
11 507 U.S. 163, 168). As the Court in *Leatherman* explained:

"Under the liberal system of 'notice pleading' set up by the Federal Rules [,] Rule (8)(a)(2)….. does not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." (*Id.*, *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a) (2)).

16 Moreover, the Supreme Court has specifically declared that "a federal court
17 may not apply a heightened pleading standard to a complaint alleging municipal
18 liability under § 1983." (*Branch v. Tunnell*, (9th Cir. 1994) 14 F.3d 449, 450), (citing
19 *Leatherman,* 507 U.S. at 168).

20 Thus, the Courts have held that the bare requirements of notice pleading under
21 Rule 8(a) govern the legal sufficiency of plaintiffs' claims. (*Lee v. City of Los Angeles*
22 (9th Cir. 2001) 250 F.3d 668.)

23 Under the above standards of notice pleading, plaintiffs' original Complaint and
24 their [Proposed] First Amended Complaint both give fair notice to defendant City of
25 Sacramento of what plaintiffs' claims are. (Plaintiffs' original Complaint, paragraphs 15
through 20, and plaintiffs' [Proposed] First Amended Complaint, paragraphs 13

4

1  through 18). Further, plaintiffs' [Proposed] First Amended Complaint specifically names the two police officers employed by defendant City of Sacramento who were involved in the incident that is the subject of this action. (Plaintiffs' [Proposed] First Amended Complaint, paragraph 9, lines 17-18).

Based on the foregoing reasons and authorities, defendant City of Sacramento's motion to be dismissed from this action should be denied.

**CONCLUSION**

Plaintiffs concede that their claims under the Fifth and Fourteenth Amendments to the United States Constitution should be stricken. Plaintiffs further concede that all allegations and prayers against public entity defendants should be stricken. Both of these issues are being addressed in plaintiffs' [Proposed] First Amended Complaint for which they have filed a motion seeking leave to file it.

However, defendant City of Sacramento's motion to be dismissed from this action should be denied as plaintiffs have sufficiently stated a claim against it under the federal system of notice pleading.

Cyrus Zal, A Professional Corporation

DATED: October 29, 2009         By: ___/Cyrus Zal/_____
                                CYRUS ZAL, Attorney for Plaintiffs
                                CHANZIE KRISTINA COX and
                                VLADIMIR MARTYNOV