UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHANZIE KRISTINA COX and                    No. 2:09-cv-01894-MCE-JFM
VLADIMIR MARTYNOV,

       Plaintiffs,

    v.                                          <u>MEMORANDUM AND ORDER</u>

COUNTY OF YUBA, et al.,

       Defendants.


----oo0oo----


    Through the present action, Plaintiffs Kristina Cox and
Vladimir Martynov ("Plaintiffs") seek redress for various federal
and state civil rights violations, along with common law claims
for assault, battery, and intentional infliction of emotional
distress, as a result of injuries they claimed to have received
following a high-speed automobile chase on July 16, 2008.
Defendants include the counties of Yuba, Sutter and Sacramento,
as well as the cities of Sacramento, Marysville, and Yuba City.
///
///

1

1  After naming those governmental entities in their initial

2  complaint, Plaintiffs proceeded to add, by way of an amended

3  complaint, various individually named law enforcement officers

4  who played some role in the subject incident.  Three of those

5  individual Defendants were never served, which prompted their

6  employer, the City of Sacramento, to file its Motion to Dismiss

7  for failure to prosecute under Federal Rule of Civil Procedure

8  41(b),[1] and for failure to effectuate service under Rule 4(m).

9  (ECF No. 33).  This caused Plaintiffs to immediately effectuate

10 service on the involved Sacramento City Police Officers,

11 Defendants, Erin Peterson, Nick Tavelli and David Bell.  The City

12 of Sacramento, together with Officers Peterson, Tavelli and Bell,

13 then proceeded to file a second Motion to Dismiss (ECF No. 37)

14 that included additional arguments that Plaintiffs' service

15 violated the terms of the Court's Pretrial Scheduling Order and

16 further, with respect to Defendant Bell, was effectuated without

17 a properly issued summons.  Plaintiffs, in turn, filed their own

18 Motion (ECF No. 39) seeking both an extension within which to

19 properly serve Peterson, Tavelli, and Bell, as well as a request

20 for issuance of summons as to Bell.  All three Motions are

21 presently before the Court for adjudication.[2]

22 ///

23 ///

24 ///

25

26    [1] All further references to "Rule" or "Rules" are to the
   Federal Rules of Civil Procedure unless noted otherwise.

27    [2] Because oral argument was not of material assistance, the
   Court deemed this matter suitable for decision on the briefs.
28 E.D. Local Rule 230(g).

1

**BACKGROUND**

2

3       In July of 2008 Plaintiffs were involved in a high speed

4   vehicular pursuit that included law enforcement officers from

5   throughout the greater Sacramento area.   Plaintiffs were detained

6   and arrested after being finally forced to stop through use of a

7   tack strip.   In July of 2009, Plaintiffs filed a complaint

8   asserting both federal and state law claims as a result of the

9   incident against the counties of Yuba, Sutter and Sacramento.   As

10  indicated above, the cities of Marysville, Sacramento and Yuba

11  City were also named as Defendants, along with various unnamed

12  individuals.   Plaintiffs' initial complaint only named the

13  aforementioned governmental entities.   All Defendants except the

14  City of Sacramento submitted answers to the Complaint in August

15  of 2009.

16      Plaintiffs thereafter obtained leave of court to add six

17  additional individual Defendants.   They subsequently filed their

18  First Amended Complaint ("FAC") on December 2, 2009.   The newly

19  named Defendants included Mathew Tallman, Lindy Culp, David Leon,

20  Jerry Parker, Erin Peterson, and Nick Tavelli.   Thereafter, on

21  December 4, 2009, a Joint Status Report was submitted in which

22  Plaintiffs' counsel indicated that three of the individual

23  Defendants had not yet been served.   Summonses were issued for

24  all six named individual Defendants within days of this report.

25  The City of Sacramento, County of Sacramento, Mathew Tallman,

26  Lindy Culp, and David Leon all subsequently filed answers to the

27  FAC.

28  ///

1    The Joint Status Report also expressed Plaintiffs intent to

2  join two more individuals, David Bell and Michael Van Velzer, as

3  individual Defendants.  Neither Van Velzer nor Bell were added,

4  however, to the pleadings until an amendment to the FAC was

5  submitted in early February of 2010.

6    The Court issued its Pretrial Scheduling Order ("PTSO") on

7  February 3, 2010, two days before Plaintiffs issued the

8  aforementioned amendment adding Bell, a Sacramento Police

9  Officer, and Van Velzer, a Yuba County Deputy Sheriff, as

10  Defendants.  The PTSO specified that all named Defendants had

11  been served and that no further service would be permitted

12  without leave of court, good cause having been shown.  The PTSO

13  further provided that no joinder of parties or amendments to

14  pleadings would be permitted unless the same showing was made.

15    In October of 2010, Plaintiffs' counsel served Defendants

16  Peterson, Tavelli and Bell with various discovery requests by way

17  of mail to the Sacramento City Attorney's Office.  According to

18  Plaintiffs' counsel, he mistakenly believed that the City of

19  Sacramento Attorney's Office was representing all three

20  individuals and did not realize they in fact had never been

21  properly served.  The City Attorney notified Plaintiffs' counsel

22  of that shortcoming by way of letter dated November 12, 2010.

23  Plaintiffs' counsel then immediately served Defendants Peterson,

24  Tavelli and Bell through the City Police Liaison Office on

25  November 16, 2010.

26  ///

27  ///

28  ///

4

On November 15, 2010, one day before that service was effectuated, the City of Sacramento submitted its Motion to Dismiss Defendants Peterson, Tavelli and Bell for lack of prosecution.  As indicated above, that Motion was later supplemented by a second Motion to Dismiss alleging both failure to obtain leave of court as to all three Defendants and lack of sufficient process regarding Defendant Bell, since a summons naming Bell was never issued by the Court.  In response, Plaintiffs filed their Opposition along with their motion requesting extension for proper service on Defendants Peterson, Tavelli and Bell, as well as their request for issuance of a summons naming Defendant Bell.

**STANDARD**

**A.   Failure To Prosecute**

If the plaintiff fails to prosecute and/or comply with applicable rules and court orders, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).  Dismissal with prejudice for lack of prosecution is a severe sanction, however, and should only be used in extreme circumstances where plaintiff's conduct is either egregious or willfully dilatory.  <u>De Malherbe v. Int'l Union of Elevator Constructors</u>, 438 F. Supp. 1121, 1127 (9th Cir. 1977).  Dismissal with prejudice is unwarranted in instances of more benign neglect, and in the absence of a showing of specific prejudice.  <u>Id.</u>
///

Dismissal without prejudice may also be inappropriate if such dismissal would amount to dismissal with prejudice because the applicable statute of limitations would as a practical matter bar the matter from proceeding forward.  Id.

**B.   Failure To Timely Serve**

If a defendant is not served within 120 days after the complaint is filed, the court, either by way of motion or on its own accord after providing notice to the plaintiff, must dismiss the action without prejudice against that defendant, or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  If plaintiff shows good cause for his failure to timely serve within the requisite 120-day period, however, the court must also extend the time to effectuate service for an appropriate period.  Id.  "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint."  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).  "First, upon a showing of good cause for the defective service, the court must extend the time period.  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  Id.

"At a minimum, "good cause" means excusable neglect." Boudette v Barnette, 923 F.2d 754, 756 (9th Cir. 1991).  Relief is allowed on grounds of mistake, inadvertence, surprise, or excusable neglect.  Quansah v. 7-Eleven Store, 2009 WL 1885621 at * 1 (9th Cir. 2009).

6

1  When determining excusable neglect, it is appropriate to
2  consider the danger of prejudice to the other party, the length
3  of delay and its potential impact on judicial proceedings, the
4  reason for the delay and whether it was in the control of the
5  movant, and whether the movant acted in good faith. Id. at * 2.
6  A plaintiff may also be required to show that the party to be
7  served received actual notice of the lawsuit and that the
8  plaintiff would be severely prejudiced if his or her complaint
9  were in fact to be dismissed. Sheehan, 253 F.3d at 512.

10     Even if plaintiff fails to show good cause for untimely
11  service, the court has discretion to grant an extension. Efaw
12  v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2006). Although
13  district courts have broad discretion to extend time for
14  service, that discretion is nonetheless not without limits. Id.
15  at 1041. District courts may consider factors such as a statute
16  of limitations bar, prejudice to defendant, actual notice, and
17  eventual service. Id. If willful delay, extraordinary delay,
18  or extreme prejudice to the defendant is present, courts will
19  typically not grant an extension. Anderson v. Air West, Inc.,
20  542 F.2d 522, 525 (9th Cir. 1976). See also Efaw, 473 F.3d at
21  1041 (where court felt seven years was extraordinary, and
22  resulted in extreme prejudice to defendant).

23     As a general rule, cases should be decided on their merits.
24  Quansch, 2009 WL at * 1. Courts may decline to assign full
25  responsibility for an attorney's negligence to the attorney's
26  client, given the harsh effect a complete dismissal may have on
27  the client. Air West, 542 F.2d at 526.
28  ///

7

1  An extension may nonetheless not be appropriate if the client

2  himself has not demonstrated a lack of responsibility, or where

3  even if not at fault, the client would benefit from the wrong of

4  his or her attorney in the face of extreme prejudice to the

5  other side.  Id.

6

7  **C.   Insufficient Process**

8

9  Rule 12(b)(4) allows a defendant to move to dismiss a

10  complaint for defects in the form of summons, referred to as

11  insufficient process.  McKinney v. Law Office of James Duncan

12  2010 WL 668027 * 2 (9th Cir. 2010).  A summons must include the

13  name of the court and parties, be directed to the defendant,

14  state the name and address of the plaintiff's attorney, state

15  the time which defendant must appear and defend, notify

16  defendant of default judgment, be signed by the court clerk and

17  bear the courts seal.  Fed. R. Civ. P. 4(a).  Generally, the

18  requirements for the form and content of the summons are

19  liberally construed to uphold service.  McKinney, 2010 WL at * 2

20  (citing  United Food & Commercial Workers Union v. Alpha Beta

21  Co. 736 F.2d 1371, 1382 (9th Cir. 1984)).  The court will not

22  dismiss the complaint for improper service if the defendant has

23  received sufficient notice of the complaint and the defendant

24  does not demonstrate actual prejudice.  Id.  Instead, the

25  plaintiff should be allowed to correct the defect, and the court

26  may order an amended summons to be served on defendant's counsel

27  rather than personal service on the defendant.  Id.

28  ///

**ANALYSIS**

**A.    Failure To Prosecute**

Defendants Peterson, Tavelli and Bell seek dismissal for failure to prosecute under Rule 41(b).  Rather than pointing to any actual prejudice by virtue of the alleged failure to prosecute, however, Defendants simply assert that prejudice can be assumed, relying on <u>Anderson v. Air West</u> to support that contention.  <u>Anderson</u>, 542 F.2d at 524.  The <u>Anderson</u> court characterizes any such presumption, however, as rebuttable. Consequently, a court can consider a showing that no actual prejudice occurred when exercising its discretion in deciding whether to dismiss for lack of prosecution.  <u>Id.</u>

In arguing against any prejudice in this matter, Plaintiffs assert that Defendants Peterson, Tavelli and Bell would likely have been on notice of the lawsuit since it is undisputed that their employer, the City of Sacramento, was properly served, and since the City had in fact answered discovery responses that necessitated inquiry with respect to said Defendants' involvement.

Although the City of Sacramento claims it never represented that it would accept service on behalf of either Peterson, Tavelli or Bell, the attorney for the City is now currently representing all three employee Defendants.  No proof of whether said Defendants were or were not put on notice of their lawsuit through their employer is offered by either side.

///

///

9

The City says there was no reason they would be on notice
because the City does not normally inform employees when they
are mentioned in a suit involving the City.  Mot. to Dismiss,
ECF No. 33, p. 2.  Despite that claim, the circumstances of this
matter would seem to suggest otherwise.  Peterson, Tavelli, and
Bell are current employees of the City of Sacramento, and it is
unquestioned that the City was properly served at the correct
time.  If the City is involved in a lawsuit naming certain
employees, it would appear likely that the particulars of the
suit would be discussed with the involved employees, especially
once the matter was referred to counsel.  Importantly, the City
of Sacramento never claims Peterson, Tavelli and Bell lacked
actual notice, and instead only vaguely assert that there was no
particular reason they would have known about the lawsuit.  From
the standpoint of lack of notice, then, any real danger of
prejudice to Defendants from a delay in prosecution seems
improbable.

Also, even if Peterson, Tavelli and Bell were not put on
notice until they belatedly received the summons and complaint
in late 2010, the time parameters of this case are such that
prejudice is unlikely.  Trial in this matter is not scheduled to
commence until January 9, 2012.  Although discovery is set to
close on March 9, 2011, it is doubtful that inclusion of the new
individuals will make any significant new discovery necessary.

It should also be noted that in this case, unlike Anderson,
there is no evidence of willful delay on the part of Plaintiffs'
counsel.

///

10

Plaintiffs' attorney here correctly served the majority of the Defendants in this multi-party litigation, and claims he mistakenly thought that Peterson, Tavelli and Bell had been served through the City of Sacramento. Plaintiffs' counsel has freely admitted to this error and moved promptly in attempting to correct it. There is no indication that the error was anything other than a mistake made in good faith.

The Court consequently declines to dismiss this matter with prejudice due to lack of prosecution given what appears to be a good faith error rather than any willful failure to prosecute. Dismissal without prejudice is also improper inasmuch as Plaintiffs' claims against Peterson, Tavelli and Bell would be barred by the applicable statute of limitations if they were to refile their lawsuit against those individuals. Therefore, a dismissal without prejudice would have the same effect as dismissing the case outright. Defendants' Motion to Dismiss Peterson, Tavelli, and Bell under Rule 41(b) is denied.

**B.    Failure To Timely Serve**

Defendants Peterson, Tavelli and Bell also seek dismissal for failure to serve. Plaintiffs' attorney admits he was at fault for failure to serve those individuals within 120 days as required by Rule 4(m). He mistakenly believed that service had in fact occurred.

///

///

///

11

1    The City of Sacramento first filed its Motion to Dismiss

2 without indicating it even represented Peterson, Tavelli or

3 Bell.  After Plaintiffs' Opposition pointed out that

4 discrepancy, the City filed a Supplemental Motion (ECF No. 37)

5 acknowledging the City's representation of its three employees.

6 The individual Defendants employed by the County of Sacramento

7 and County of Yuba also are similarly represented by their

8 employer's attorneys.  Each of the employers was properly served

9 in this case, and each presumably knew of all named Defendants.

10    Nothing indicates there was any prejudice to the unserved

11 Defendants at this point.  As discussed in the preceding

12 section, any presumed prejudice may be rebutted, and it is

13 likely under the circumstances of this matter.  Defendants have

14 not identified any actual prejudice, and some notice to

15 Defendants Peterson, Tavelli and Bell also appears likely given

16 their employer's involvement in the litigation and its responses

17 to discovery.  Additionally, as also discussed above, there is

18 no indication that Plaintiffs' counsel's failure to serve the

19 individuals sooner was due to anything other than mistake,

20 inadvertence, and/or excusable neglect.  The Court has

21 discretion to extend the time for effectuating service under

22 those circumstances.  Quansah, 2009 WL 1885621 at * 1.

23    Although the length of delay involved is a factor that

24 should be considered, and while the delay involved here was

25 almost a year, as previously mentioned trial in this matter is

26 not scheduled until January 9, 2012.  Inclusion of the new

27 Defendants is not likely to necessitate much additional

28 discovery.

In the Court's view, allowing Plaintiffs to proceed against
Defendants Peterson, Tavelli and Bell will not significantly
impact the case or Defendants' ability to adequately defend
their positions.  On the other hand, since dismissing Defendants
Peterson Tavelli and Bell at this point will likely result in a
statute of limitations bar on Plaintiffs' ability to file any
new lawsuit against said Defendants, a dismissal would certainly
prejudice Plaintiffs.

Therefore, Defendants' Motion to Dismiss Defendants
Peterson, Tavelli, and Bell for failure to effectuate service
under Rule 4(m) is denied.  Plaintiffs' corresponding request
for an extension of time to serve Defendants Peterson, Tavelli
and Bell under the same rule will be granted.

**C.   Insufficient Service**

Defendant Bell asserts the court lacks personal
jurisdiction due to insufficient process, and accordingly seeks
dismissal under Rule 12(b)(4).  Mot. to Dismiss 2, ECF No. 38.
Defendant Bell was improperly sent a summons issued for
Defendants Peterson and Tavelli (according to Bell his name was
typed on Peterson and Tavelli's summons).  Although the summons
altered by Plaintiffs for service on Bell would have contained
nearly the same information as a summons correctly issued by the
Court, it nonetheless remains clear that as a procedural matter
the Court must individually issue a summons for each Defendant.
///
///

13

1   Construed liberally, the facts indicate the summons issued
2   for the other Defendants would, at the very least, have put Bell
3   on notice of the claims made against him.  See McKinney, 2010 WL
4   at * 2 (requirements for form and content of summons to be
5   liberally construed to effectuate service).  Therefore, in the
6   absence of actual prejudice, which has not been demonstrated, it
7   would be inappropriate for the Court to dismiss Defendant Bell
8   based on the technical deficiency of the summons he received.
9   Instead, Plaintiffs should be allowed to cure the defect by
10  issuance and service of a proper summons.  Id.  Defendant Bell's
11  request for dismissal is accordingly denied, and Plaintiffs'
12  Request that they be afforded additional time to serve Bell
13  after issuance of a proper summons will be granted.

14      Defendant does point out that the Court's Pretrial
15  Scheduling Order (ECF No. 28) contains a specific provision
16  prohibiting any further service without leave of court, good
17  cause having been shown.  Despite those provisions, Plaintiffs'
18  counsel simply attempted to unilaterally serve Bell (along with
19  Peterson and Tavelli, for that matter) after being informed of
20  his failure to effectuate service by counsel for the City.
21  Plaintiffs' attorney should instead have sought immediate leave
22  of court once that mistake was brought to his attention in order
23  to correctly cure the defect.  Although it declines to dismiss
24  the lawsuit as against Peterson and Tavelli for all the reasons
25  stated above, and will afford Plaintiffs the opportunity to
26  properly make service at this juncture, the Court must
27  nonetheless caution Plaintiffs' counsel to better comply with
28  procedural rules and requirements in the future.

1   Failure to do so may result in sanctions and other discipline as
2   the Court deems appropriate.

3

4                               **CONCLUSION**

5

6       Based on the foregoing, Defendants' Motions to Dismiss
7   Defendants Peterson, Tavelli and Bell (ECF Nos. 33 and 37) are
8   DENIED.  Plaintiffs' Motion (ECF No. 39) for an extension of
9   time to properly serve Defendants Peterson, Tavelli and Bell is
10  GRANTED.  Plaintiffs' additional request, as made in its Motion,
11  that the Court issue a summons for Defendant Bell is also
12  GRANTED.  The Clerk of Court is directed to issue that summons
13  forthwith.  Plaintiffs must effectuate proper service on
14  Defendants Peterson, Tavelli and Bell not later than twenty (20)
15  days following the date this Memorandum and Order is
16  electronically filed, or twenty (20) days after the date on
17  which summons is issued by the Court for Defendant Bell,
18  whichever is later.  Failure to do so will result in the
19  dismissal of any unserved defendants, with prejudice and without
20  further notice.

21      IT IS SO ORDERED.

22
    Dated: February 10, 2011
23

24

25  MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE
26

27

28

                                   15